JANKOWSKI *v.* SKUPNY.

1. APPEAL AND ERROR—ISSUES—TRIAL.
   Where, in an action for personal injuries to plaintiff by a gunshot wound, the issue as to whether defendant did the shooting was decided by the jury in favor of defendant, the question of damages became unimportant.

2. SAME—DAMAGES.
   Error of the court, if any, in instructing the jury on the question of damages, *held*, not prejudicial

3. SAME—TRIAL.
   Affirmance of a judgment does not imply approval of all that was said to the jury.

4. SAME—MISCARRIAGE OF JUSTICE.
   Where it does not affirmatively appear that the error complained of resulted in a miscarriage of justice, under 3 Comp. Laws 1915, § 13763, the case will not be reversed.

Error to Wayne; Mandell (Henry A.), J.   Submitted January 14, 1920.   (Docket No. 88.)   Decided February 27, 1920.

Case by John Jankowski against Thomas Skupny for personal injuries.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*John H. Dohrman* and *William K. Campbell,* for appellant.

*Leonard L. Szymanski,* for appellee.

STONE, J.   This is an action on the case to recover damages for a personal injury consisting of a gunshot wound of plaintiff claimed to have been inflicted by the defendant.   About one o'clock Sunday morning, November 4, 1917, the plaintiff was accidentally

shot in the right thigh while, with his wife, returning home from a call at a friend's house, and while walking along on the sidewalk on Ferry avenue, near the corner of Elmwood avenue, in the city of Detroit.

Plaintiff upon the trial gave positive testimony that he saw the defendant, who was having an altercation with another person, fire the shot which struck him. He was corroborated by the testimony of other witnesses. On the other hand the defendant, and a number of other witnesses, testified positively that the defendant did not shoot, and did not have a revolver, but that the shot which inflicted the injury upon the plaintiff was fired by another person. There was thus presented to the jury a clear issue of fact, upon a sharp conflict in the testimony. The plaintiff testified as to the extent of the injury, which was not claimed to be a very serious one, as follows:

"I went to Dr. Roberts that same day and was home for two weeks; then I went to Dr. Muenz. I got a different job at Ford's, for the leg hurt me when I stood on it for eight hours. I lost five or six days after I started working. When I walk far now, the leg pains me. * * * I was earning $5 a day at Ford's. After being home two weeks, I went back to work, and was home six days after that."

Dr. Muenz testified to an examination of the plaintiff in December or the latter part of November, 1917. He said:

"He came to my office and complained of pain in the right thigh. I examined him and found a scar just below the gluteal fold. I ordered an X-ray taken, and it showed no foreign body in the wound. I couldn't state definitely the depth of the wound. This wound evidently severed some of the small sciatic gluteal nerves, from the symptoms that the man complained of. There was evidently damage to the superficial nerves which are present in that region."

The plaintiff requested the court to charge the jury as follows:

"Wilful trespasses, assaults, and batteries, libels and slanders, false imprisonment, and perhaps other actions where the injury is in part to the feelings of the plaintiff, to his shame and humiliation, are cases where increased damages may be given. In such cases increased damages are permitted for circumstances and aggravations in the wrongdoing, but they are not given by the law, as interpreted by this court, in punishment of the wrongdoer, but as extra compensation to the person wronged, for the reason that the injury is considered greater because of such circumstances of aggravation, and therefore the compensation ought to be greater."

These requests were refused.

The case was submitted to the jury in a lengthy charge, in the course of which the jury were instructed as follows:

"(1. I may say that if one is defending himself or his property, and it becomes necessary, one has the right to actually use a revolver, and if one is using a revolver in defense of himself or his property, and shoots to defend himself or his property, and some innocent person unfortunately is hit, there is no redress. That is not the situation here altogether, for the reason that the defendant says that he did not do the firing, therefore, gentlemen of the jury, you will have to take the situation just exactly as you find it.) Who did do that firing? Who did that shooting? If it was the defendant, why then the defendant is liable because he does not come in and say: 'I was defending my life, and by mischance this innocent person was injured.' He does not show anything of the kind. He simply bases his defense upon a denial of the use of the revolver."

Also as follows:

"Now, there is another issue, and it becomes important only, should you determine the issues I have just spoken of, in favor of the plaintiff, that is, how seriously was he hurt?

"(2. The question is naturally suggested here: Does the plaintiff exaggerate his injury? He has told you how badly he was hurt. Was this a superficial wound, or was it a wound that would be likely to lay a person up some time and cause him inconvenience and suffering? The doctor who attended this man, unfortunately, is not here, and we do not know what he would have testified to, but someone who attended him afterwards and looked for the bullet could not find it, so it is probable that this was, as one witness declared, a mere superficial wound in the buttocks or below.)"

Also as follows:

"But what in dollars and cents is that wound worth? How would you compensate him for what he says he suffered?

"(3. Did he suffer much, or did he come in here thinking that this is a gold mine, and thinking he can get a large amount of money for some small wound?)"

Also as follows:

"(4. There are a great many things that might be said, a great many thoughts that occur to one listening to the testimony in this case but perhaps they had better be unsaid.)

"The whole case resolves itself into issues of fact, and those issues should be determined by the jury without any idea of inflicting upon the defendant any punishment, but simply with the idea of giving what is known in law as compensation."

The jury returned a verdict for the defendant, and a judgment for the defendant was entered accordingly.

The plaintiff has brought the case here for review, and error is assigned upon the refusal of the court to charge the jury as above requested; also upon that part of the general charge as indicated in the parentheses above noted.

It will be observed that the requests to charge, as well as those parts of the charge upon which error is assigned, all related to the subject of damages in

case the jury found for the plaintiff upon the main
question. A square issue of fact was presented to the
jury upon the question of whether the defendant did
the shooting. And the jury were explicitly charged
that if the defendant did the shooting he was liable,
and that defendant based his defense upon a denial of
the use of the revolver. This was the vital issue. In
the light of this verdict it must be said that the jury
found that the defendant did not do the shooting, and
therefore was not guilty. The question of damages
was therefore not important. In *Blumeno* v. *Railroad
Co.,* 101 Mich. 325, cited by appellant, in which it was
held reversible error for the court to instruct the jury
that the plaintiff had not sustained serious injury, his
testimony to the contrary notwithstanding, the jury
had found a verdict for the plaintiff, and had awarded
him $30 damages, only. But in the instant case the
verdict was for defendant. The cases are readily dis-
tinguished. If the court erred in the matters com-
plained of, such error was not prejudicial.

We are constrained to say that we cannot approve
of all the language used in the charge, especially that
relating to "a gold mine." We have frequently had
occasion to say, however, that "affirmance of a judg-
ment does not imply approval of all that was said to
the jury." *Lewis* v. *Brick Co.,* 164 Mich. 489, 501;
*Schneider* v. *C. H. Little Co.,* 200 Mich. 361, 374.

Section 28 of chapter 50 of the judicature act (3
Comp. Laws 1915, § 13763) provides that no judg-
ment shall be reversed on the ground of misdirection
of the jury unless in the opinion of the court after an
examination of the entire cause, it shall affirmatively
appear that the error complained of has resulted in
a miscarriage of justice. An examination of this rec-
ord satisfies us that the jury did not reach, or con-
sider, the question of damages, and that the errors
complained of were harmless; and we cannot say in

the light of the issue involved that such errors resulted in a miscarriage of justice.

The judgment of the circuit court is therefore affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.